UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-20185-CR-WILLIAMS(s)

UNITED STATES OF AMERICA

vs.

JOE LEWIS MCHOMES,

Defendant.
_____/

**PLEA AGREEMENT**

The United States of America and JOE LEWIS MCHOMES (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment, which charges the defendant with conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Section 1349.

2. The United States will dismiss Counts 2 to 12 of the Superseding Indictment, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" or "USSG"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been

entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant understands and acknowledges that upon his conviction on Count 1 of the Superseding Indictment, the Court may impose a maximum term of twenty (20) years' imprisonment, to be followed a maximum term of three (3) years' supervised release. In addition to a term of imprisonment and supervised release, upon the defendant's conviction on Count 1, the Court may impose a fine of up $250,000.

5. The defendant understands that restitution is mandatory under Title 18, United States Code, Section 3663A, because the offenses that are the objects of the conspiracy charged in Count 1 of the Superseding Indictment (mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343) are offenses against property under Title 18, United States Code, that are committed by fraud and deceit. Further, pursuant to Title 18, United States Code, Section 3663(a)(3), the defendant agrees

to pay restitution for all losses related to the offenses charged in Count 1 of the Superseding Indictment, and his relevant conduct as defined in Section 1B1.3 of the Sentencing Guidelines.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter, the "Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will make a motion requesting an additional one (1) level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court

to allocate their resources efficiently. This Office, however, will not be required to make the aforementioned recommendation and motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other persons in this or other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines, this Office may make a motion prior to

sentencing pursuant to USSG § 5K1.1, or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation

12. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. <u>Applicable Guidelines:</u> The offense guideline for Count 1 of the Superseding Indictment is USSG § 2X1.1.

    b. <u>Base Offense Level for the Group:</u> Pursuant to USSG § 2X1.1(a) and application note 2, the base offense level for Count 1 is the base offense level from the guideline for the substantive offenses the defendant conspired to commit, plus any specific offense characteristics from that guideline that were specifically intended or actually occurred. The guideline for the substantive offenses the defendant conspired to commit is USSG § 2B1.1. Pursuant to USSG § 2B1.1(a)(1) and application note 2(A), the base offense level is 7. Pursuant to USSG § 2B1.1(b)(1)(I) there should be a 16-level increase in the defendant's offense level because the loss attributable to the conspiracy commit mail fraud and wire fraud is more than $1,500,000, but less than $3,500,000. No other specific offense characteristics from USSG § 2B1.1 should apply. Therefore, the defendant's base offense level for USSG § 2X1.1(a) should be 23 (7+16).

    c.    <u>Specific Offense Characteristics</u>: Pursuant to USSG § 2X1.1(b)(2), the defendant's offense level should not be reduced by 3 levels, because the defendant and his co-conspirators completed all the acts the conspirators believed necessary on their part for successful completion of the substantive offenses of mail fraud, in violation of Title 18, United States Code, Sections 1341, 1346, and 2, and wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

    d.    <u>Restitution</u>: The defendant should pay restitution in an amount to be determined to any victims of the offenses charged in Count 1 of the Superseding Indictment.

13. The defendant knowingly and voluntarily agrees to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or was derived from proceeds traceable to the violation of Title 18, United States Code, Section 1349, to which he agrees to plead guilty herein.

14. The defendant knowingly and voluntarily agrees to waive his right to a hearing, pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between such forfeitable property and offense to which he agrees to plead guilty herein, and the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States in seeking forfeiture of such property.

15. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeitable property:

    (a)    All constitutional, legal, and equitable defenses to such forfeiture;

    (b)    Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

(c) Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

(d) Any right he may have to an appeal of any resulting order of forfeiture regarding the forfeitable property.

16. The defendant knowingly and voluntarily agrees and understands that any forfeiture made pursuant to the terms of this agreement shall **not** be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The assistance shall include identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

17. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any

recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

18. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

19. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 9/21/2022     By: _____
DWAYNE EDWARD WILLIAMS
ASSISTANT UNITED STATES ATTORNEY

Date: 9.21.22     By: _____
KENNETH LEE WEISMAN, ESQ
ATTORNEY FOR DEFENDANT

Date: 9.21.22     By: _____
JOE LEWIS MCHOMES
DEFENDANT